## FRANNER v. JOSKE BROS. CO.

### No. 4670.

Court of Civil Appeals of Texas.
El Paso.

Dec. 14, 1949.

Rehearing Denied Jan. 4, 1950.

Reynolds N. Cate, San Antonio, for appellant.

Edgar Pfeil, Carl Wright Johnson, Nat L. Hardy, San Antonio, for appellee.

SUTTON, Justice.

This is an appeal from the 57th District Court of Bexar County.

The appellant, as plaintiff below, sued Joske Bros. Company to recover for personal injuries. The trial was to the Court without a jury. The Court found and concluded there was no liability established and rendered judgment that the plaintiff take nothing by her suit, from which judgment the plaintiff has appealed.

Plaintiff alleged that on Saturday, August 7, 1948, she was in defendant's department store in San Antonio; that she boarded the escalator to be transported from the first to the second floor of the store; that in the course of the flight and as the result of the negligence of the defendant she fell and severely injured her back and internal organs, causing her much pain and suffering and loss of time, together with hospital bills, and other doctor, medical and drug bills.

As grounds of negligence plaintiff alleged the defendant operated a dangerous instrumentality and was a carrier of passengers, and as such was required to use the highest degree of care and foresight consistent with the use and operation of the escalator; that defendant knew there were crowds of people on said escalator, pushing, shoving and hurrying during the noon hour, at which time plaintiff was injured, and that the defendant negligently failed to have a guard at the entrance of the escalator, and that the operation thereof without

a guard was negligence, and, under the circumstances alleged, the defendant was also negligent in not having a gate or door or turnstile for the admission of passengers; and as a result of such negligence, and as a direct and proximate cause thereof, plaintiff was caused to fall and suffer much internal injury, pain and mental anguish and was damaged in the actual sum of Ten Thousand Dollars and also entitled to recover Ten Thousand Dollars as exemplary damages. The above is a full restatement of the petition.

The defendant answered with a general denial, a denial of any negligence and a general allegation plaintiff's injuries were caused by her own negligence.

It will be noted there is no allegation of any particular damage by reason of loss of earnings or earning capacity, nor of any particular expense or sum incurred. The allegations are all general.

The evidence is likewise brief. Plaintiff testified as she stepped on the escalator a woman stopped in front of her, a boy approximately ten years old, just as she put her foot on the stair, came from behind with a large bundle and brushed it across her chest and startled her and before she got her other foot on she was thrown and was carried from the bottom to almost the top before the escalator was stopped. She fell on her back with her head down and her feet up. She testified she was in bed three weeks and for two more she merely crawled about the room and had suffered much pain and mental distress because of the uncertainty of the outcome of her injuries and ultimate effects. Plaintiff further testified there was no guard, door, gate or turnstile at the entrance of the escalator. A friend testified how she had assisted plaintiff and nursed her and taken her food and given her other attentions while she was confined, and an orthopedic physician testified to an examination he had made of plaintiff the day before the trial and that he found she had high blood pressure, the duration of which he could not tell; that she had a sensitive back which would probably continue for life and the normal functioning of the back had been reduced by about 30%. Plaintiff is 78 years old.

The trial court found the facts as have heretofore been related and specifically that plaintiff's fall was caused by the act of the child which could not have been anticipated by either the plaintiff or the defendant. The court also found the evidence disclosed no necessity for a guard or turnstile, and that no negligence was established by the evidence and concluded the defendant was not liable.

The findings and conclusion of the trial court are amply supported by the evidence, and under the record in the case the judgment of the court is the only judgment that could have been rendered and it is affirmed.